IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| **RICHARD ALAN DAVIS** | * | |
| **ADC #089568,** | * | |
| | * | |
|     **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 5:04CV00413 JFF |
| | * | |
| **PHILIP BAUGHMAN,** *et al.*, | * | |
| | * | |
|     **Defendants** | * | |

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss (docket entry #18) to which Plaintiff has responded (docket entry #25-27). In their Motion to Dismiss, Defendants first contend that Plaintiff has failed to provide proof of exhaustion on his retaliation claims. Defendants argue that while Plaintiff provided proof that he exhausted a grievance in which he alleged that he was being retaliated against by Officer Taylor, he failed to submit grievance documentation showing that he exhausted the allegations of retaliation against Defendant Baughman. Defendants do not reference or mention MX04-1127 that is attached to the Complaint in which Plaintiff contends that the disciplinary issued by Baughman was false. Plaintiff provided the Court the Deputy Director's decision on the grievance. Contrary to Defendants' assertion, it appears to the Court that Plaintiff exhausted his administrative remedies on his retaliation claim against Defendant Baughman. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (exhaustion is an affirmative defense that defendants must plead and prove).

Defendants next contend that Plaintiff's claim against Hearing Officer Minor is premised

upon the fact that she used "F-1 Statement" as a "short-hand phrase" on the Disciplinary Hearing Action to reference the Officer's Statements that she relied upon to find Plaintiff guilty of the infraction. Minor contends that use of this reference cannot support a constitutional claim for violation of Plaintiff's due process rights at the disciplinary hearing. The Court explained the basis for allowing this claim to proceed in the initial Recommended Disposition that issued before the parties consented to appear before the undersigned. The problem here is that the Court does not have any admissible evidence in the record that defines an "F-1 Statement," nor does it have the "F-1 Statement" as a part of the record. The Court merely has an explanation from defense counsel.

Plaintiff contends that the written statement by fact finder Minor did not satisfy due process requirements. As stated by the Eighth Circuit,

> The *Wolff* written statement requirement obviously precludes a prison disciplinary board from choosing 'either approach' when it comes to explaining the evidence relied on and the reasons for the disciplinary action; there must be a written statement drafted contemporaneously with the disciplinary action. Still, the balance between the penological interest in avoiding excessive administrative burdens in order to use disciplinary proceedings to assure institutional safety and promote rehabilitation, on the one hand, and the interests of the individual inmate, on the other, is such that the due process clause does not require 'technical and detailed disciplinary reports.' The requirement is satisfied if the written statement, even though 'sparse in content,' is 'sufficient to inform [the inmate] of the evidence relied upon by the factfinders in reaching their decision to take disciplinary action.' This ensures that disciplinary boards will not act arbitrarily, and it forces a disciplinary board to commit itself, contemporaneously with its decision, to certain evidence, thus allowing a reviewing body to fairly and accurately review the incident that led to the proceeding or the proceeding itself. After this, due process requires no more, and it certainly does not dictate that we expose a disciplinary board's written statement to such extensive scrutiny that we fail to adequately respect 'the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation.'

*Brown v. Frey*, 807 F.2d 1407, 1411-12 (8th Cir.1986) (internal citations omitted). The Due

Process requirement for the fact finder's written statement in the prison disciplinary setting is indeed minimal. However, the Court simply does not have the evidence that it needs to resolve the legal issue at the Motion to Dismiss stage.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is DENIED (docket entry #18).

DATED this 9th day of January, 2006.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT